UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAYE BOWDRE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>HON. KIMBERLY MOSES, )<br>FRANK PHILLIPS, )<br>DEPT. OF CHILDREN AND FAMILY, )<br>RACHAEL KOELY, )<br>  Defendants. )<br>) | Civil Action No.<br>23-12640-PGL |

**ORDER**

**LEVENSON, U.S.M.J.**

*Pro se* plaintiff Faye Bowdre filed a motion to proceed *in forma pauperis* (Docket No. 2), which I ALLOWED. Docket No. 11.

Because Bowdre is proceeding in forma pauperis, I screened Bowdre's complaint (Docket No. 1) pursuant to 28 U.S.C. § 1915(e)(2). Docket No. 11.

As discussed in detail in my order, I found that the complaint fails to comply with the minimum standards required under the Federal Rules of Civil Procedure and does not appear to state a claim upon which relief may be granted. *Cf. id.* at 2–4. I provided some guidance on what would be required to state a claim and ordered Bowdre to file an amended complaint no later than January 5, 2024. *See id.* at 5. I explained that failure to file an amended complaint may result in dismissal of Bowdre's action by a District Judge. *Id.*

On January 8, 2024, Bowdre filed a motion for extension of time, explaining that she had not received my Order due to a change of address. Docket No. 13. I granted the motion and

confirmed that the full docket would be mailed to the new address Bowdre identified. Docket No. 14. I instructed to file her amended complaint by February 12, 2024. She has not done so.

Because Bowdre has not filed an amended complaint, her complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). It should be dismissed with prejudice, since it does not appear to state any cognizable claim for relief in this Court.

All parties have not consented to the jurisdiction of a Magistrate Judge in this case.[1] Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

---

[1] Bowdre filed a form indicating *her* consent, but the form was not signed by the other named parties. Docket No. 7. No parties, other than Bowdre, have filed an appearance in this action. Consent to proceed before a magistrate judge must be unanimous among all named parties. *See* 28 U.S.C. 636(c)(1).

## CONCLUSION

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court dismiss this action with prejudice.[2]

                                            /s/ Paul G. Levenson  
                                            United States Magistrate Judge

Date: February 20, 2024

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).